NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DALE EUGENE CIEMANCKY, II,

    Plaintiff,

v.

CHARLES WARREN, et al.,

    Defendants.

Civil Action No. 21-16241 (KMW) (AMD)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.      BACKGROUND**

At the time he filed his complaint, Plaintiff was a state pretrial detainee being held in the Cumberland County Jail. (ECF No. 1 at 2-5.) While detained, he developed a sore on his arm, for which he sought medical treatment. (*Id.* at 5-6.) Plaintiff was given a topical antibiotic, but after a couple of weeks this did not clear up the sore, which instead got worse. (*Id.*) This led to his being seen by a nurse practitioner, who diagnosed him with a serious infection and had him transferred to a hospital, where he was treated for a MRSA infection. (*Id.*) Plaintiff contends that

his contracting the infection, and the jail's staff's pre-hospital treatment of the sore amount to deliberate indifference to his medical needs. As Defendants, Plaintiff fails to name any specific medical officials, and instead seeks damages from the jail itself, its warden, and its medical director. (*Id.* at 1.)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

Plaintiff seeks to raise a claim against two supervisory Defendants and a county jail alleging that unnamed medical staff were deliberately indifferent to his medical needs. Initially, the Court notes that the jail is not a proper Defendant in a prisoner civil rights matter, and must be dismissed as such. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (county jails are not "persons" subject to suit under § 1983). Turning to the two remaining supervisory Defendants, a defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a supervisor may not be held vicariously liable for the actions of his subordinates, and a supervisory defendant will therefore only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015). Here, Plaintiff seeks to hold the jail's warden and medical director responsible for his infection. He pleads no facts indicating that these two supervisory Defendants were in any way involved with his treatment

or any of the other claims he alleges, nor does he in any other way directly connect them to his alleged mistreatment.  Plaintiff has therefore failed to plead facts indicating either supervisory Defendant was personally involved, and his claims against them must therefore be dismissed without prejudice.

### IV.	CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge